**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| **Plaintiff** : | **Civil No. 1:13-CV-2115** |
| : | |
| **v.** : | |
| : | |
| **DENA R. ROBINSON f/k/a** : | |
| **DENA R. ROWLES,** : | **Judge Sylvia H. Rambo** |
| **Defendant** : | |

## M E M O R A N D U M

In this mortgage foreclosure action, Plaintiff United States of America, on behalf of its agency, the United States Department of Agriculture, Rural Housing Service, has sued Defendant to recover amounts due and owing under a note and mortgage. Presently before the court is Plaintiff's motion for summary judgment. (Doc. 7.) For the following reasons, Plaintiff's motion will be granted.

**I.      Background**

On March 22, 2002, Defendant secured a loan from Plaintiff in the amount of $107,400.00 pursuant to Title V of the Housing Act of 1949, 42 U.S.C. § 1471. (Doc. 1, ¶ 3; Doc. 6, ¶ 3.) As security for the loan, Defendant conveyed a real estate mortgage for a property located at 1238 Hillendale Road in Chambersberg, Pennsylvania, which was recorded on April 1, 2002, with the Office of the Recorder of Deeds for Franklin County, Pennsylvania, in Book 1851 page 621. (Doc. 1, ¶ 5; Doc. 6, ¶ 5.) On July 2, 2012, Plaintiff informed Defendant that she was in monetary default as a result of Defendant's failure to pay monthly installments on the loan, and, as a result, Plaintiff had elected to accelerate Defendant's indebtedness. (*See* Doc. 8-1; *see also* Doc. 1, ¶¶ 9, 11; Doc. 6, ¶¶ 9, 11 (requesting the court allow Defendant to refinance, but not denying corresponding factual

allegations in complaint.) Through the admissions contained in her answer, Defendant has not disputed the validity of the loan and mortgage, the fact of her default, or the amount of default.[1] (Doc. 6.)

## II.     **Legal Standard**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Nicini v. Morra*, 212 F.3d 799, 805-06 (3d Cir. 2000); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Marcavage v. Borough of Lansdowne, PA*, 493 F. App'x 301, 304-05 (3d Cir. 2012) (quoting *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010)). A factual dispute is deemed genuine if the evidence is such that a "jury could reasonably find for the [non-movant]." *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010); *Bray v. Marriott Hotels*, 110 F.3d 986, 989 (3d Cir. 1997).

---

[1] The time for responding to Plaintiff's motion for summary judgment has passed, and Defendant has failed to file any response. Although the court, in interest to the pro se litigant, considered issuing an order directing Defendant to show cause why the motion for summary judgment should not be granted, it determined that doing so would be futile, as Defendant has admitted the material facts set forth in Plaintiff's complaint. This memorandum is issued in accordance with the dictates of Federal Rule of Civil Procedure 56(a), requiring the court to set forth the reasons for granting the motion.

**III.      Discussion**

"In a mortgage foreclosure action, the plaintiff must demonstrate the existence of an obligation secured by a mortgage, and a default on that obligation." *Bank of Am., Nat'l Ass'n v. Scranton Center Holdings, LP*, Civ. No. 10-cv-1251, 2012 WL 1965415, *2 (M.D. Pa. May 31, 2012) (quoting *Chemical Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995)); *see also United States v. Asken*, Civ. No. 01-cv-0026, 2002 WL 32175416 (E.D. Pa. Oct. 28, 2002) (granting the plaintiff's motion for summary judgment in a mortgage foreclosure action following the defendants' default on a loan granted pursuant to Title V of the Housing Act of 1949). Where a mortgagor admits that it is in default on its obligations under the mortgage, or where there is no dispute that the mortgagor has failed to pay its obligations under the mortgage and the recorded mortgage is in a specified amount, then summary judgment is appropriate. *See Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (quoting *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998)).

Application of these standards to the case before the court is straightforward. Defendant admits that she signed the Note and the Mortgage (Doc. 1, ¶¶ 3-4; Doc. 6, ¶¶ 3-4.) There is no reasonable dispute regarding the terms of either the Note or the Mortgage. (*See generally* Doc. 6) It is equally clear that the Mortgage was properly recorded with the Recorder of Deeds for Franklin County, Pennsylvania, on April 1, 2002, and that Plaintiff is the owner and holder of the Note and Mortgage. (Doc. 1, ¶¶ 5-6; Doc. 6, ¶¶ 5-6.) Defendant admits that the amount due and owing to Plaintiff on the Note and Mortgage is $132,393.12. (Doc. 1, ¶ 10.) Thus, the undisputed material facts shows the existence of an obligation

secured by a mortgage and the default on that obligation.  Accordingly, summary judgment in Plaintiff's favor is appropriate.

**IV.**     **Conclusion**

In this matter, the undisputed facts show that: Plaintiff loaned $107,400.00 to Defendant, Defendant conveyed a mortgage to Plaintiff as security for the loan, and Defendant defaulted on that loan, leaving an unpaid principal balance of $95,267.87, subject to an agreed upon interest rate and fees.  Therefore, Plaintiff is entitled to judgment as a matter of law, and its motion for summary judgment (Doc. 7) will be granted.

An appropriate order will issue.

                                    s/Sylvia H. Rambo
                                    United States District Judge

Dated:  February 28, 2014.